FILED
 2015 Dec-02 PM 05:01
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
LAWRENCE OLIVER LARSON, JR.,    }
                                }
     Plaintiff,                 }
                                }    CIVIL ACTION NO.
v.                              }
                                }    2:14-cv-1085-WMA-JHE
WILLIAM STACY, et al.,          }
                                }
     Defendant.                 }
```

**MEMORANDUM OPINION AND ORDER**

Before the court is defendants' objection (Doc. 27) to the report and recommendation (Doc. 11) entered by the magistrate judge recommending that some but not all of plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915A. The court has reviewed both the portions of the report and recommendation to which the parties did not object and the portions to which defendants objected and finds no error to be present.

Defendants first complain that the report and recommendation exceeds the scope of § 1915A because the magistrate judge went beyond merely determining the cognizability of plaintiff's claims and instead made factual findings and legal conclusions as to defendants' conduct. Defendants' argument, however, reflects a fundamental misunderstanding of the scope of review under § 1915A. The pertinent statutory language is: "On review, the court should identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim

1

upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The standard of review applied under § 1915A is the same as is applied to a motion filed under Fed. R. Civ. P. 12(b)(6). *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). When reviewing a Rule 12(b)(6) motion to dismiss, the court must "accep[t] the complaint's allegations as true and constru[e] them in the light most favorable to the plaintiff." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012).

In summarizing and discussing plaintiff's allegations, the magistrate judge in no way made any conclusive findings of fact against defendants. Instead, he did only what was necessary to discharge his duties under § 1915A: identify plaintiff's cognizable claims and recommend dismissal of the non-cognizable claims. In making these determinations, the magistrate judge was required to accept the plaintiff's allegations as true; contrary to defendants' assertions, his necessary restatement and discussion of the allegations do not constitute findings of fact. Because the legal conclusions drawn by the magistrate judge were both necessary and correct, and because no factual findings were actually made, the court OVERRULES defendants' objection.

Defendants raise two other grounds of objection, but they are both without merit. Defendants Stacy and Wills argue that they cannot be held liable for the alleged post-handcuffing beating of plaintiff by other unnamed officers because plaintiff did not

allege said defendants' specific and active participation. The magistrate judge correctly found, however, that defendants Stacy and Wills may still be found liable for their failure to intervene and protect plaintiff from the beating. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1330-31 (11th Cir. 2008). Defendants also argue that plaintiff does not allege how defendants were made aware of plaintiff's interracial relationship, so claims based on such knowledge should be dismissed. Defendants once again misunderstand the standard of review under § 1915A. Plaintiff need not prove his case in his complaint; it is enough that he alleged the fact of defendants' knowledge, and he is not required to prove the basis of their knowledge at this stage. Consequently, these objections are also OVERRULED.

Accordingly, the magistrate judge's report is due to be and is hereby **ADOPTED** and the magistrate judge's recommendation is **ACCEPTED**. The following excessive force claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1):

- Plaintiff's claim that defendant Stacy used excessive force when he initially arrested and subdued him;
- Plaintiff's claim that defendant Stacy failed to intervene when defendant Wills tased plaintiff; and
- Plaintiff's claim that defendant Wills used excessive force when he handcuffed him too tightly.

Plaintiff's request that criminal charges be brought against defendants is **DISMISSED** for lack of jurisdiction. Finally, all

remaining claims are **REFERRED** again to the magistrate judge for further proceedings.

DONE this 2nd day of December, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE